## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| AMOS FENDERSON, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. 24-1505 |
| | ) |
| ALEXANDER EDDLEMON *et al.*, | ) |
|     Defendants. | ) |

### ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is a Complaint (Doc. 1) filed by Plaintiff Amos Fenderson, a patient at the Illinois Department of Human Services Alton Mental Health Center. Plaintiff has also filed a Motion for Counsel (Doc. 4).

**I.**  **Complaint**

    **A. Screening Standard**

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Complaint, the court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be

provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

**B. Factual Allegations**

Plaintiff alleges constitutional violations at the Peoria County Jail against Deputy Superintendent Alexander Eddlemon and Nurse Tiffany Randle.

While on modified crisis watch on December 15, 2023, Defendant Eddlemon "caught" Plaintiff attempting to insert a piece of plastic into his phallus. (Pl. Compl. Doc. 1 at 4.) After Plaintiff informed Eddlemon that he had already inserted a foreign object into his phallus, Eddlemon strapped Plaintiff into a restraint chair and asked Defendant Randle to perform a medical examination, which Plaintiff asserts Randle accomplished by "barely" touching his phallus. (*Id.*) Thereafter, Randle agreed with Eddlemon's comment that Plaintiff was "playing games" and exited, leaving Plaintiff suffering. (*Id.*) After another nurse checked on Plaintiff three hours later, she told him he required emergency care.

**C. Analysis**

To prevail on a claim alleging inadequate medical care, a pretrial detainee must prove three elements: (1) the medical condition is or was objectively serious; (2) the defendant acted purposefully, knowingly, or recklessly concerning the consequences of his actions; and (3) the defendant's actions were objectively unreasonable—that is, not rationally related to a legitimate governmental objective. *Hardeman v. Curran*, 933 F.3d 816, 827 (7th Cir. 2019); *see also Bell v. Blaesing*, 844 F. App'x 924, 925 (7th Cir. 2021) ("[A]s

a civil detainee, [the plaintiff] needed to plead only that [the defendant's] care was objectively unreasonable rather than deliberately indifferent.").

The Court finds that Plaintiff's account is sufficient to state a Fourteenth Amendment claim against Defendants Eddlemon and Randle.

## II. Counsel and Status

Plaintiff moves for the recruitment of counsel. Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept *pro bono* appointments in civil cases. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request counsel to represent indigent civil litigants in certain circumstances). In considering Plaintiff's motion for counsel, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

The Court concludes that the recruitment of counsel at this early stage of the proceedings is not warranted. As explained below, entry of the Court's Merit Review Order begins the service phase. After Defendants have been served and filed their answers to Plaintiff's Complaint, which usually takes sixty days, the Court will enter a scheduling order to provide guidance and deadlines to assist Plaintiff during the discovery process. Therefore, Plaintiff's Motion for Counsel (Doc. 4) is denied.

IT IS THEREFORE ORDERED:

1) Plaintiff's Motion for Counsel (Doc. 4) is DENIED.

2) According to the Court's screening of Plaintiff's Complaint [1] under 28 U.S.C. § 1915A, Plaintiff states an Eighth Amendment deliberate indifference claim against Defendants Eddlemon and Randle. Plaintiff's claim against Defendants proceeds in their individual capacity only. Additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.

3) This case is now in the process of service. The Court recommends that Plaintiff wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will be denied as premature. Plaintiff need not submit evidence to the Court unless otherwise directed by the Court.

4) The Court will attempt service on Defendants by mailing a waiver of service. Defendant has sixty days from service to file an Answer. If Defendants have not filed their respective Answer or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5) If a defendant no longer works at the address provided by Plaintiff, the entity for whom Defendant worked while at that address shall submit to the Clerk Defendant's current work address or, if not known, Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be kept only by the Clerk and shall not be kept in the public docket nor disclosed by the Clerk.

6) Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses proper under the Federal Rules. The Answer and later pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the Answer is necessary or will be considered.

7) This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled

unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants' counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8) **Defendants' counsel is granted leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.**

9) **Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.**

10) **If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant and will require Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

11) **The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

12) **The Court directs the Clerk to attempt service on Defendants under the standard procedures.**

ENTERED May 8, 2025.

s/ *Colleen R. Lawless*

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE